**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOMI JOSEPH,<br><br>    Defendant. | Case No. 18-cr-00350-BLF-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A); AND MODIFYING CONDITIONS OF SUPERVISED RELEASE**<br><br>[Re: ECF 54] |

Defendant Bomi Joseph ("Joseph") has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking release from custody and modification of his term of imprisonment to time served. Motion, ECF 54. The motion is based on Joseph's medical condition and the spread of the COVID-19 virus through Bureau of Prisons ("BOP") facilities. Joseph asserts that he is particularly vulnerable to serious illness if he contracts the COVID-19 virus, because he is more than sixty years old and suffers from lung scarring resulting from coccidioidomycosis, also known as Valley Fever.

After considering the briefing and evidence submitted by the parties, the oral arguments of counsel and the information provided by the Probation Office at the hearings on April 23, 2020 and May 5, 2020, the Court GRANTED Joseph's motion on the record and indicated that a written order would follow memorializing the ruling. Below, the Court sets forth its reasons for granting compassionate release. The Court also imposes additional conditions of supervised release to address concerns raised by Joseph's early release from prison.

## I. BACKGROUND

*Indictment and Incarceration*

Joseph was charged by indictment with one count of violating 18 U.S.C. § 1542, False Statement in Application for Passport. *See* Indictment, ECF 1. He entered a plea of guilty on January 22, 2019. *See* Minute Entry, ECF 22. The Court sentenced Joseph to a term of imprisonment of one year and one day, followed by a three-year term of supervised release. *See* Minute Entry, ECF 30. Judgment was entered on May 30, 2019. *See* Judgment, ECF 31.

Joseph's self-surrender date initially was set for October 22, 2019. *See id.* However, the Court granted two defense requests for postponement and ultimately set the self-surrender date for January 14, 2020. *See* Order to Stay Surrender Date, ECF 47; Order Granting Motion to Postpone Surrender Date, ECF 52. Joseph self-surrendered on January 14, 2020 and his expected release date is January 15, 2021.[1]

Joseph is incarcerated at the United States Penitentiary, Atwater. He made four written requests for medical treatment between February 20, 2020 and April 2, 2020, complaining of a persistent cough and stating that he had suffered from coccidioidomycosis/Valley Fever for six years. *See* Decl. of Daniel B. Olmos Exh. 2, Inmate Sick Call Sign-Up Sheets, ECF 54-3. On March 20, 2020, Joseph sent an email to the Warden, requesting compassionate release. *See* Decl. of Daniel B. Olmos Exh. 1, March 20 Email, ECF 54-2. In the email, Joseph stated that he is over sixty years old; his left lung is badly scarred as a result of a prior bout of Valley Fever; he is at high risk if infected by the COVID-19 virus; and if granted compassionate release he has a home in which to live with his wife and five-month-old son, as well as a job awaiting him. *See id.* In the event his request for compassionate release were to be denied, Joseph asked that the BOP place him on home confinement. *See id.*

On March 23, 2020, the Warden responded to Joseph's email with his own email, stating "See your Unit Team. They can assist you in how to go about this. E-mailing is not the venue to

---

[1] The Court accepts the Government's representation regarding Joseph's expected release date based on his self-surrender date of January 14, 2020. Joseph asserts in his motion that his expected release date is November 11, 2020, but he does not present evidence to support his assertion of an earlier release date. *See* Motion at 2, ECF 54.

2

start this procedure." *See* Decl. of Daniel B. Olmos Exh. 1, March 23 Email, ECF 54-2. Joseph immediately completed an Informal Resolution Form, stating that he was seeking compassionate release or home confinement due to the high risk posed by the COVID-19 virus. Decl. of Daniel B. Olmos Exh. 1, Informal Resolution Form, ECF 54-2. Joseph stated that he had survived Valley Fever, suffered damage to his left lung, and was older than sixty years of age. *See id.* On March 30, 2020, Joseph completed an Inmate Request to Staff, seeking compassionate release based on his age, status as a Valley Fever survivor, lung damage, and threat posed by the COVID-19 virus. *See* Decl. of Daniel B. Olmos Exh. 1, Inmate Request to Staff, ECF 54-2.

*Motion for Compassionate Release*

On April 21, 2020, Joseph filed the present Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking release from custody and modification of his sentence to time served. *See* Motion, ECF 54. Joseph asserts that his health is at serious risk from the COVID-19 virus given his age, history of Valley Fever, and resulting lung scarring. *See id.* Given the urgency asserted in Joseph's motion, the Court directed the Government to file a response by April 23, 2020 at 10:00 a.m. and it set a telephonic hearing for April 23, 2020 at 1:00 p.m. *See* Order Requiring Response, ECF 55. The Government timely filed opposition. *See* Opp., ECF 57.

*First Hearing on April 23, 2020*

Joseph's counsel, the Government's counsel, and a representative of the United States Probation Office appeared at the telephonic hearing on April 23, 2020. *See* Civil Minutes, ECF 58. Joseph's appearance was waived by his counsel. *See id.* The Probation officer informed the Court that the BOP had placed Joseph in quarantine in preparation to furlough him to his home for the period May 1, 2020 through August 24, 2020. The Court questioned why it should not deny the motion in order to let the BOP process play out, particularly given the absence of medical records establishing that Joseph suffers from Valley Fever or lung scarring, the underlying conditions forming the basis for his compassionate release motion. After some discussion, counsel for both sides agreed that it would be appropriate for the Court to continue the matter to May 5, 2020 to give the BOP time to act and to give defense counsel time to obtain Joseph's medical records.

3

*Second Hearing on May 5, 2020*

Defense counsel filed a Supplemental Declaration of Daniel B. Olmos on May 1, 2020, attaching medical records showing that Joseph received treatment for Valley Fever at Los Gatos Urgent Care in 2017. *See* Suppl. Decl. of Daniel B. Olmos, ECF 59. The declaration also indicated that the BOP had declined to furlough Joseph on May 1, but that Joseph was being considered for home confinement. *See id.* ¶ 7. The Government filed a supplemental opposition on May 4, 2020. Also on May 4, 2020, the Government's counsel obtained Joseph's medical records from the BOP and transmitted them to defense counsel. *See* Second Suppl. Decl. of Daniel B. Olmos ¶¶ 2-3, ECF 62. Defense counsel filed the BOP medical records on May 4, 2020. *See id.*

The Court heard further oral argument on May 5, 2020. Joseph's counsel, the Government's counsel, and a representative of the United States Probation Office appeared telephonically. At the start of the hearing, the Government's counsel informed the Court that the BOP had denied Joseph's administrative request for compassionate release on May 4, 2020. The Government's counsel also stated that he expected the BOP to place Joseph on home confinement on or about May 13, 2020. Joseph's counsel expressed skepticism whether the BOP actually would place Joseph on home confinement given its revocation of the decision to furlough Joseph.

*Ruling*

After hearing argument from both sides, and hearing from Probation, the Court issued its ruling on the record. The Court granted Joseph's motion, effective upon the termination of the quarantine imposed by the BOP, and subject to an additional fourteen days of quarantine at home. The Court's ruling was based expressly upon Joseph's representations that he is in frail health due to his history of Valley Fever, and has required pharmaceutical medication. The Court noted that Joseph markets health products and services in part by holding himself out as a person in superior health who does not need pharmaceuticals. The Court stated that it would modify Joseph's conditions of supervised release to prohibit him from making such representations, and advised that any future representations regarding the state of Joseph's health that are at odds with his current claims of frail health will be grounds for revocation of his supervised release.

The Court indicated that it would issue a written order memorializing its ruling.

## II.     LEGAL STANDARD

Joseph's motion is governed by 18 U.S.C. § 3582(c)(1)(A), which provides in relevant part as follows:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf* or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if it finds that—
>
> (i) *extraordinary and compelling reasons warrant such a reduction*; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.* . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

## III.    DISCUSSION

Joseph seeks compassionate release under § 3582(c)(1)(A)(i). In order to grant the requested relief under the legal standard articulated above, the Court must: (1) find that the administrative exhaustion requirement is satisfied; (2) find that extraordinary and compelling reasons warrant a reduction in sentence, consistent with the applicable policy statements issued by the Sentencing Commission; and (3) consider the factors set forth in 18 U.S.C. § 3553(a).

### A.     Administrative Exhaustion

While initially taking the position that Joseph had not exhausted his administrative remedies, the Government informed the Court at the May 5, 2020 hearing that the BOP denied

Joseph's administrative request for compassionate release on May 4, 2020. Based on the Government's representation, the Court finds that the administrative exhaustion requirement is satisfied. The Government no longer disputes administrative exhaustion.

### B. Extraordinary and Compelling Reasons

While the statute does not define the term "extraordinary and compelling reasons," the Sentencing Commission has provided five circumstances that constitute "extraordinary and compelling reasons" to reduce a defendant's sentence:

**(A) Medical Condition of the Defendant.**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.** The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13 cmt. n. 1.

The Court finds that Joseph falls within the circumstances identified in subsection (A)(ii)(I), as he has presented evidence that he suffers from a serious medical condition that substantially diminishes his ability of the defendant to provide self-care while in BOP custody and from which he is not expected to recover. Specifically, Joseph has presented medical records showing a history of Valley Fever and resulting lung scarring. *See* Suppl. Decl. of Daniel B. Olmos Exh.1, p. 5, ECF 59-1. He also has presented records showing multiple complaints of a recurrent cough while in BOP custody. *See* Decl. of Daniel B. Olmos Exh. 2, Inmate Sick Call Sign-Up Sheets, ECF 54-3. The BOP clearly has determined that Joseph is or may be at risk, as the BOP has placed him in quarantine. At least one other district court has recognized that Valley Fever and resulting complications put inmates at heightened risk from the COVID-19 virus. *See United States v. Reid*, No. 17-CR-00175-CRB-2, 2020 WL 2128855, at *3 (N.D. Cal. May 5, 2020) (recognizing seriousness of Valley Fever and noting that "[c]hronic lung disease increases a person's risk of getting severely ill from COVID-19").

At the hearing, the Government pointed out that Joseph's more recent 2020 medical records from the BOP do not indicate lung scarring, while such scarring is indicated on the 2017 urgent care records. However, the Government acknowledged that the x-ray taken in 2020 may have been less sensitive to soft tissue damage than the CT Scan taken in 2017. The Government also argued that Joseph's current representations regarding the degree of his impairment from Valley Fever are undercut by his failure to mention Valley Fever when interviewed for preparation of the Presentence Investigation Report, or at intake when he arrived at Atwater. *See* PSR ¶ 50, ECF 25; Second Suppl. Decl. of Daniel B. Olmos Exh. A at 10-22, ECF 62-1.

While the Court agrees that Joseph's various self-reports about his medical condition are in conflict with one another, there is substantial evidence in the medical records that Joseph has a history of Valley Fever and resulting lung scarring. Given the heightened risk that COVID-19 poses to individuals with chronic lung issues, particularly older individuals such as Joseph, the Court finds that this evidence is sufficient to establish the existence of extraordinary and compelling reasons for compassionate relief.

### C.    § 3553(a) Factors

Section 3553(a) sets forth factors to be considered by the Court in imposing sentence, including the nature and circumstances of the offense, the history and characteristics of the defendant, and community safety.  18 U.S.C. § 3553(a).  Joseph was convicted of a non-violent offense, for which he received a relatively short sentence.  There is no evidence that Joseph would pose a physical threat to the community, other than by potentially exposing the community to COVID-19.  The Court therefore orders that compassionate release is granted effective upon termination of the quarantine imposed by the BOP.  The Court also MODIFIES Joseph's conditions of supervised release to add a special condition requiring that he self-quarantine in his home for fourteen days after release from BOP custody.

The Government has expressed concern that, given Joseph's documented history of lying, Joseph may pose a threat to the community by way of deception.  Specifically, the Government suggests that despite claiming frail health to obtain compassionate release, Joseph will continue to tout his exceptional health in marketing his health products and services, thus defrauding the public.  The Court agrees that the Government has raised a legitimate concern.  At the May 5, 2020 hearing, the Court raised the possibility of modifying Joseph's supervised release conditions to require home confinement for the first six months of the supervised release period.  However, the Probation officer stated on the record that Probation did not recommend home confinement as a condition of supervised release.  The Court next considered whether it would be appropriate to modify Joseph's supervised release conditions to prohibit him from misrepresenting his personal medical circumstances.  The probation officer indicated that if the Court were to modify Joseph's supervised release conditions in that manner, any misrepresentation of his personal medical circumstances would constitute a violation justifying revocation of Joseph's supervised release and additional incarceration.  The Court finds that imposition of a condition of supervised release as outlined above is sufficient to address the concern that Joseph may seek to mislead the public regarding his personal medical circumstances in order to market health products and services.

Accordingly, the Court makes clear that its grant of compassionate release is based on findings that Joseph is in frail health, he suffers from a chronic medical condition that has

persisted for years, and he requires pharmaceutical medication that has not been made available to him by the BOP. The Court MODIFIES Joseph's conditions of supervised release to add the following special condition:

> Defendant may not misrepresent his personal medical circumstances in any form whatsoever, whether in writing, orally, on the Internet, in social media, in marketing materials, or in any other statements he may make. Defendant shall remove any marketing or other materials that currently exist on the Internet and that constitute misrepresentations of Defendants' personal medical circumstances. Defendant shall demonstrate to the Probation Office that he has removed all such misrepresentations from the Internet.

Any violation of this special condition will be grounds for revocation of supervised release.

### IV. ORDER

(1) Joseph's Motion for Compassionate Release is GRANTED. Effective upon the termination of the quarantine imposed by the BOP, Joseph's term of imprisonment is MODIFIED from a year and a day to time served.

(2) Josephs' conditions of supervised release are MODIFIED to add the following special conditions:

   (a) Defendant shall self-quarantine in his home for fourteen days after release from BOP custody.

   (b) Defendant may not misrepresent his personal medical circumstances in any form whatsoever, whether in writing, orally, on the Internet, in social media, in marketing materials, or in any other statements he may make. Defendant shall remove any marketing or other materials that currently exist on the Internet and that constitute misrepresentations of Defendants' personal medical circumstances. Defendant shall demonstrate to the Probation Office that he has removed all such misrepresentations from the Internet.

(3) This order terminates ECF 54.

Dated: May 8, 2020

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

9